UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK PAULUS,

       Petitioner,

v.                        CASE NO. 2:08-CV-11143
                           HONORABLE NANCY G. EDMUNDS
                           UNITED STATES DISTRICT COURT

PETER ELLIOT,

       Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND THE REQUEST FOR A TEMPORARY RESTRAINING ORDER OR BOND
PENDING DISPOSITION OF THE CASE**

      Frank Paulus, (petitioner), currently incarcerated at the Monica House Community Corrections Center in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner claims that the Bureau of Prisons (B.O.P.) wrongfully denied him two days' credit against his federal sentence out of the U.S. District Court for the Eastern District of Michigan for conspiracy to possess with intent to distribute and to distribute hashish, 21 U.S.C. § 846. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.** The Court will also deny petitioner's related request for a temporary restraining order or for release on bond.

**I. Background**

      Petitioner claims that he was arrested on December 5, 2002 in the Republic of Austria pursuant to a warrant issued out of the Eastern District of

1

Michigan which charged him with conspiracy to possess with intent to distribute and to distribute hashish. Petitioner contends that he remained in the City of Vienna "lock-up" until December 7, 2002, when he was arraigned for extradition back to the United States and transferred to the jail in Klagenfurt, Austria.

Petitioner was extradited to the United States on September 19, 2003. On May 4, 2004, petitioner pleaded guilty to the conspiracy charge before this Court. On November 16, 2005, this Court sentenced petitioner to forty three months incarceration.

On April 16, 2007, petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he requested this Court to credit his sentence for the time spent in custody in Austria between December 5, 2002 and September 19, 2003, when petitioner was extradited to the United States. This Court dismissed the motion, because petitioner had failed to exhaust his administrative remedies with respect to his sentencing credit claim. *United States v. Paulus,* U.S.D.C. No. 04-CR-80082 (E.D. Mich. June 21, 2007); *reconsideration den.* (E.D. Mich. August 13, 2007).

On October 9, 2007, petitioner filed a second motion to vacate sentence, in which he again challenged the BOP's alleged refusal to grant him credit towards his sentence for his time spent in custody in Austria. This Court transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. 2244(b)(3)(A) for authorization to file a successive motion to vacate sentence. *United States v. Paulus,* U.S.D.C.

No. 04-CR-80082 (E.D. Mich. October 19, 2007).  This matter remains pending before the Sixth Circuit. *See In Re Paulus,* U.S.C.A. No. 07-2353 (6th Cir.).

Petitioner claims that at some unspecified point in time while he was incarcerated at the Federal Correctional Institution in Lompoc, California, the BOP granted petitioner sentencing credit for the time that he spent in custody between December 7, 2002 and September 18, 2003.  Petitioner, however, claims that the BOP refuses to award him credit for the two days that he claims that he was incarcerated following his arrest in Austria on December 5, 2002.

## II.  Discussion

The U.S. Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons,* 9 F. 3d 503, 505 (6th Cir. 1993).  However, a federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. *McClain,* 9 F. 3d at 505; *United States v. Dowell,* 16 Fed. Appx. 415, 420 (6th Cir. 2001); *Stevenson v. United States,* 495 F. Supp. 2d 663, 665-66 (E.D. Mich. 2007).

18 U.S.C. § 3585(b) states in pertinent part:

(b) Credit for prior custody.--A defendant shall be given credit toward
the service of a term of imprisonment for any time he has spent in
official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was
    imposed; or

3

> (2) as a result of any other charge for which the
> defendant was arrested after the commission of the
> offense for which the sentence was imposed;

that has not been credited against another sentence.

*Id.*

18 U.S.C. § 3585(b) authorizes credit only for time "that has not been credited against another sentence." *United States v. Wilson,* 503 U.S. at 334.

As an initial matter, it is unclear whether petitioner would be entitled to habeas relief on his sentencing credit claim. Petitioner has already twice raised a claim in his motions to vacate sentence involving the BOP's failure to award him credit for the time that he spent in custody in Austria prior to his extradition to the United States. One of those motions remains pending before the Sixth Circuit for a determination of whether petitioner should be granted permission to file a successive motion to vacate sentence. Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-57 (N.D. Ga. 1998). Because petitioner's sentencing credit claims have already been decided adversely against him in his prior motion to vacate sentence, he is probably unable to raise these claims again in a § 2241 habeas petition. *See Casey v. Hemingway,* 42 Fed. Appx. 674, 676-77 (6th Cir. 2002).

Petitioner is also not entitled to habeas relief on this claim, because he has failed to produce clear and convincing evidence to establish that he was in

4

custody pursuant to a federal warrant as of December 5, 2002. Petitioner has attached two letters to his petition which purport to be translations of letters from the courts from the Republic of Austria. These two letters both claim that petitioner was arrested at about 2:00 p.m. on December 5, 2002. However, neither letter indicates who petitioner was arrested by or the basis for his arrest. The letters both indicate that petitioner was transferred to the prison of Wien Josefstadt on December 7, 2002. Interestingly, both letters indicate that the duration of petitioner's extradition custody in Austria lasted from December 7, 2002 until September 19, 2003. Petitioner, however, has produced no evidence from the United States Attorney's Office or any other American source which indicate that petitioner was arrested on December 5, 2002 on the federal warrant which was the basis for his federal conviction. More importantly, petitioner has produced no documentation from the BOP which shows why the BOP denied him credit for these two days allegedly spent in custody prior to his transfer to the Wien Josefstadt prison on December 7, 2002, nor has petitioner anywhere given this Court the purported rationale used by the BOP to deny him these two days' credit. Petitioner has therefore failed to show by convincing evidence that he is entitled to sentencing credit for the two days that he allegedly spent in custody in the Vienna city lock-up on December 5th and 6th, 2002. *See Youngworth v. U.S. Parole Com'n,* 728 F. Supp. 384, 390 (W.D.N.C. 1990); *See also Otto v. Warden, FCI-Allenwood,* 209 Fed. Appx. 149, 151-52 (3rd Cir. 2006)(Parolee's

unsupported claim that federal detainer was exclusive cause of his incarceration pending his state sentencing was insufficient to entitle him to credit against his federal sentence for time spent in state custody prior to his sentencing on state charges). Because petitioner's claim is conclusory and unsupported, he is not entitled to relief on this claim.

The Court will likewise deny petitioner's request for a temporary restraining order against the defendants in this case. When determining whether to issue temporary injunctive relief, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of the injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunctive relief. *See Marchwinski v. Howard*, 309 F. 3d 330, 333 (6th Cir. 2002). Because petitioner did not establish a violation of a constitutional right by the defendants in this case, he is not entitled to a temporary restraining order in this case. *See Sarah v. Thompson,* 109 Fed. Appx. 770, 772 (6th Cir. 2004).

Finally, the Court will deny petitioner's motion for bond. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice*. Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See*

6

*also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

### III.  ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

IT IS FURTHER ORDERED that the Request For A Temporary Restraining Order or Bond Pending Disposition of this Case is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2008, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer
                                      Case Manager